LAURA McFEELEY A/K/A DYNASTY     *
8426 Snowden Oaks Place     *
Laurel, Maryland 20708     *
    *
*On Behalf of Herself and*     *
*All Others Similarly situated*     *
    *
      PLAINTIFF     *
    *
v.     *   Case No.: _____
    *
JACKSON STREET ENTERTAINMENT, LLC     *
D/B/A FUEGO EXOTIC DANCE CLUB     *
5005 Jackson Street     *
Hyattsville, Maryland 20781     *
    *
      SERVE R/A:   Ofobuike N. Okeh     *
               9208 Annapolis Road     *
               Lanham, Maryland 20706     *
    *
    *
      and     *
    *
RISQUE, LLC     *
D/B/A FUEGO EXOTIC DANCE CLUB     *
5005 Jackson Street     *
Hyattsville, Maryland 20781     *
    *
      SERVE R/A:   Ofobuike N. Okeh     *
               9208 Annapolis Road     *
               Lanham, Maryland 20706     *
    *
      and     *
    *
QUANTUM ENTERTAINMENT GROUP, LLC     *
D/B/A FUEGO EXOTIC DANCE CLUB     *
5005 Jackson Street     *
Hyattsville, Maryland 20781     *
    *
      SERVE R/A:   Ofobuike N. Okeh     *
               9208 Annapolis Road     *
               Lanham, Maryland 20706     *
    *
      and     *

NICO ENTERPRISES, INC.                          *
D/B/A FUEGO EXOTIC DANCE CLUB                    *
5005 Jackson Street                             *
Hyattsville, Maryland 20781                     *
                                                *
    SERVE R/A:  Ofobuike N. Okeh     *
                 9208 Annapolis Road     *
                 Lanham, Maryland 20706   *
                                                *
   and                                        *
                                                *
XTC ENTERTAINMENT GROUP, LLC                    *
D/B/A FUEGO EXOTIC DANCE CLUB                    *
5005 Jackson Street                             *
Hyattsville, Maryland 20781                     *
                                                *
    SERVE R/A:  Ofobuike N. Okeh     *
                 9208 Annapolis Road     *
                 Lanham, Maryland 20706   *
                                                *
   and                                        *
                                                *
UWA OFFIAH                                      *
5005 Jackson Street                             *
Hyattsville, Maryland 20781                     *
                                                *
   DEFENDANTS.                                *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs Laura McFeeley a/k/a exotic dancer "Dynasty" ("Plaintiff") by and through

undersigned counsel, on behalf of herself and all others similarly situated, hereby submits her

Complaint against Defendants Jackson Street Entertainment, LLC d/b/a Fuego Exotic Dance Club

("JSE"), Risque, LLC d/b/a Fuego Exotic Dance Club ("Risque"), Quantum Entertainment Group,

LLC d/b/a Fuego Exotic Dance Club ("QEG"), Nico Enterprises, Inc. d/b/a Fuego Exotic Dance Club

("NE"), XTC Entertainment Group, LLC d/b/a Fuego Exotic Dance Club ("XTC") and Uwa Offiah

("Offiah") (collectively, "Defendants") to recover unpaid wages and statutory damages under the

Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for

unpaid wages, interest, reasonable attorney's fees, and costs under the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter, "MWHL").

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland. At all times, Plaintiff performed work duties at Defendants' Fuego Exotic Dance Club in Hyattsville, Maryland. Plaintiff's consent to participate as a Plaintiff in an FLSA collective action is attached hereto as Exhibit 1.

2. JSE is a limited liability company formed under the laws of the State of Maryland with its principal place of business located in Hyattsville, Maryland.

3. At all times relevant to this action, JSE did business as Fuego Exotic Dance Club.

4. Risque is a limited liability company formed under the laws of the State of Maryland with its principal place of business located in Hyattsville, Maryland.

5. At all times relevant to this action, Risque did business as Fuego Exotic Dance Club.

6. QEG is a limited liability company formed under the laws of the State of Maryland with its principal place of business located in Hyattsville, Maryland.

7. At all times relevant to this action, QEG did business as Fuego Exotic Dance Club.

8. NE is a corporation formed under the laws of the State of Maryland with its principal place of business located in Hyattsville, Maryland.

9. At all times relevant to this action, NE did business as Fuego Exotic Dance Club.

10. XTC is a limited liability company formed under the laws of the State of Maryland with its principal place of business located in Hyattsville, Maryland.

11. At all times relevant to this action, XTC did business as Fuego Exotic Dance Club.

12. Offiah is an adult resident of Adelphi, Maryland. At all times relevant to this action, Offiah has held a substantial ownership interest in JSE, Risque, QEG, NE, and XTC.

13. At all times relevant to this action, Offiah was substantially involved in all managerial and daily operational decisions relating to JSE, Risque, QEG, NE, and XTC.

14. At all times, Offiah, JSE, Risque, QEG, NE, and XTC acted as one single enterprise doing business in known as Fuego Exotic Dance club doing business in Hyattsville, Maryland.

15. At all times, Defendants, as one enterprise, operated a night club featuring exotic dancers.

16. At all times relevant Offiah, JSE, Risque, QEG, NE, and XTC were collectively and individually Plaintiff's "employers" for purposes of the FLSA and MWHL.

17. During Plaintiffs' employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

18. At all times relevant, Defendants (individually and collectively) qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

19. At all times relevant, Plaintiff was an individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

21. Plaintiff was employed by Defendants as an exotic dancer at Defendants Fuego Exotic Dance club from the time period of about March 1, 2009 through March 15, 2012.

22. At all times relevant, Plaintiff's primary job duty was as an exotic dancer at Defendants'

Fuego Exotic Dance Club.

23.     For the time period of about March 1, 2009 through October 31, 2011, Plaintiff regularly worked six (6) nights per week.

24.     For the time period of about March 1, 2009 through October 31, 2011, Plaintiff's regular schedule was to work Tuesday through Sunday. For nights worked Tuesday through Thursday, Plaintiff's regular schedule was 8:00 PM – 4:00 AM (8 hours) and for nights worked Friday through Sunday, Plaintiff's regular schedule was 8:00 PM – 6:00 AM (10 hours).

25.     For the time period of about March 1, 2009 through October 31, 2011, Plaintiff typically worked fifty-four (54) hours per week.

26.     For the time period of about November 1, 2011 through March 15, 2012, Plaintiff regularly worked two (2) nights per week.

27.     For the time period of about November 1, 2011 through March 15, 2012, Plaintiff's regular schedule was to work Friday and Saturday, each night, from 8:00 PM – 6:00 AM (10 hours).

28.     For the time period of about November 1, 2011 through March 15, 2012, Plaintiff typically worked twenty (20) hours per week.

29.     At all times throughout Plaintiffs' employment with Defendants, Defendants totally failed to pay Plaintiffs any wages for work duties performed.

30.     At all times throughout Plaintiffs' employment with Defendants, Plaintiffs was an employee of Defendants and was never an independent contractor.

31.     While it is true that Defendants titled Plaintiff as an independent contractor, at all times while working for Defendants, Plaintiffs considered herself an employee of Defendants and that Defendants were her employers.

32. At all times while Plaintiff was employed by Defendants, Defendants controlled all aspects of Plaintiff's job duties through strictly enforced employment rules.

33. At all times, Defendants at all times had the ability to discipline Plaintiff, fine Plaintiff, fire Plaintiff, and adjust Plaintiff's schedule.

34. Defendants, at all times, supervised Plaintiff's work duties to make sure Plaintiff's job performance was of sufficient quality.

35. At all times while Plaintiff was employed by Defendants, Plaintiff's pay and opportunity for wages was limited to Plaintiff's pay method set by Defendants.

36. Defendants controlled all aspects of setting and controlling Plaintiff's schedule.

37. Plaintiff was never able to make more money or enjoyed more financial benefits if Defendants were operating successfully and realizing increased or additional profits.

38. At no time did Plaintiff make a financial investment in Defendants (the companies) or any equipment belonging to Defendants.

39. To perform the work duties that Plaintiff performed for Defendants, Plaintiff did not have or need any required certificate, education, or specialized training.

40. At all times while Plaintiff was employed by Defendants, Defendants were in the business of operating a night club featuring exotic dancers and at all times it was Plaintiff's job duty for Defendants to perform as exotic dancers for Defendants' customers.

41. Plaintiffs did not perform work that is exempt from the minimum wage or overtime requirement of the FLSA or MWHL.

## FEE AND FINE SYSTEM

42. In addition to failing to pay Plaintiff wages for hours worked, Defendants enforced a series of fees and fines requiring Plaintiff to actually pay Defendants' a portion of the money she

received as tips from customers. The net result of the following was that Plaintiff's regular hourly rate was actually properly calculated in the negative.

43. Each shift Plaintiff worked, Defendants required Plaintiff to pay Defendants a "tip in" in the amount of $50.00.

44. During each shift, if Plaintiff wished to take a bathroom break, Defendants charged Plaintiff a bathroom fee of $2.00 per break.

44. For each "lap dance" or "private dance" Plaintiff performed for Defendants' customers, Defendants required Plaintiff to pay Defendants a $10.00 fee.

45. For each shift that Plaintiff wished to dance in the VIP area, Defendants charged Plaintiff a $10.00 fee.

46. For each shift that Plaintiff wished to use the dressing room, Defendants charged Plaintiff a $10.00 fee.

47. On a typical shift, Plaintiff actually paid Defendants, through fines and fees, approximately $100.00 or more.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff is pursuing this action as an FLSA collective action on behalf of herself and all other similarly situated individuals who performed work duties as exotic dancers for Defendants at Defendants' Fuego Exotic Dance Club.

49. In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

50. The essence of this entire case is that the Plaintiffs and others similarly situated individuals were improperly classified as independent contractors and, as a consequence, Defendants failed to pay these individuals wages and overtime compensation as required by Maryland and Federal

Law.

51.     Specifically, Plaintiff and each class member is seeking unpaid minimum wage and overtime compensation and damages from Defendants under the FLSA and MWHL.

52.     In the present case, the number of class members is believed to exceed one hundred (100) current and former exotic dancers.

53.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

**CAUSE OF ACTION**
**Violation of Federal Fair Labor Standards Act**
**(Minimum Wage)**

54.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-53 above, as if each were set forth herein.

55.     Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

56.     At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1).

57.     At all times, all Defendants were Plaintiff's "employers" under the FLSA.

58.     Each Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Federal Minimum Wage.

59.     At all times relevant, Defendants paid Plaintiffs no wages for hours worked.

60.     More exactly, when the fees and fines that Defendants deducted from Plaintiff's tips and personal monies are factored in, Defendants paid Plaintiff a net average hourly rate equal to approximately negative twelve dollars (-$12.00) per hour.

61.     At all times relevant, Plaintiff's net negative hourly rate fell below the applicable Federal Minimum Wage.

62.     Defendants have failed and refused to compensate Plaintiff (and others similarly situated) at an hourly rate at least equal to the Federal Minimum Wage as required by the FLSA for numerous hours worked.

63.     Defendants' failure and refusal to pay compensation to Plaintiff as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (overtime)

64.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-63 above, as if each were set forth herein.

65.     Section 207(a)(1) of the FLSA provides that no employer shall employ any of its employees for a workweek longer than forty (40) hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than the <u>higher of</u> one-and-one-half (1½) times the regular rate at which she is employed or one-and-one half times the Federal Minimum Wage.

66.     At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and all Defendants were Plaintiff's "employers" under FLSA, 29 U.S.C. § 207(a)(2).

67.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times the higher of Plaintiff's regular rate of pay or the applicable federal minimum wage for all hours worked per week in excess of forty (40).

68.     As set forth above, while in Defendants' employ, Plaintiff worked many each week in excess of forty (40).

69.     As set forth above, Defendants failed and refused to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

70.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA for overtime hours worked each week was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all other similarly situated individuals that join this action) under Count II for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage and Hour Law

71.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-70 above, as if each were set forth herein.

72.     Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of MWHL.

73.     As Plaintiff's "employers," Defendants were obligated to pay Plaintiff wages at least equal to $7.25 per hour, the Maryland Minimum Wage (§ 3-413) and overtime compensation at the rate of not less than the higher of one-and-one-half (1½) times the higher of Plaintiff's regular hourly rate of pay or the Maryland Minimum Wage for all hours worked in excess of forty (40) hours in any given workweek under § 3-415 and § 3-420.

74.     As set forth above, while in Defendants' employ, Plaintiff worked many non-overtime and overtime hours for which Defendants failed and refused to properly compensate Plaintiff as

required by the MWHL for all non-overtime and overtime hours worked.

75. Unpaid minimum wage compensation and overtime pay is therefore due and owing to Plaintiff under the MWHL.

76. Defendants' failure to comply with their obligations under MWHL to pay Plaintiff for all hours worked as required by the MWHL was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all other similarly situated individuals that join this action) under Count III for unpaid non-overtime and overtime wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 17291

John J. McDonough, Bar No. 18117
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com
jmcdonough@zipinlaw.com

*Counsel for Plaintiff*