**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LAURA McFEELEY, *et al.* | * |
| | * |
| *On Behalf of Themselves and All Other* | * |
| *Similarly Situated Individuals* | * |
| | * |
| PLAINTIFFS, | * |
| | * |
| v. | * Case No.: 8:12-cv-1019-DKC |
| | * |
| JACKSON STREET ENTERTAINMENT, LLC, *et al.* | * |
| | * |
| DEFENDANTS | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANTS/COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS ALLEGED IN THEIR ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND COUNTER-COMPLAINT**

Plaintiffs/Counterclaim Defendants, by and through their undersigned counsel, hereby submit their Answer and Defenses to the Counterclaims brought against Plaintiffs by Defendants / Counterclaim Plaintiffs as follows.

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Plaintiffs affirm that other similarly situated individuals will join this action as class members and summarily deny any validity or merit of any counterclaim against Plaintiffs or any opt-in Plaintiff.

## ALLEGED FACTS COMMON TO ALL COUNTERCLAIMS

15. Admit.

16. Denied. Plaintiffs and other similarly situated individuals performed work duties for Defendants at all times relevant as an employee and were never bound by an alleged Agreement.

17. Plaintiffs admit Defendants never paid Plaintiffs any wages and the only money Plaintiffs ever received was from Defendants' customers in the form of tips. Plaintiffs further deny the validity and enforceability of any alleged contract.

18. Denied.

19. Plaintiffs deny the characterization of the monies Plaintiffs paid Defendants to perform their work duties as employees for Defendants but do admit that Plaintiffs were required by Defendants to pay Defendants varies fees and charges to work for Defendant.

20. Denied. Plaintiff do admit Defendants provided Plaintiffs with a venue in which to perform their employment related activities and that Defendants paid and bore all costs associated with providing an appropriate employment environment.

21. Denied. Plaintiffs admit they received tips or gratuities from Defendants' customers.

22. Denied. Plaintiffs admit they performed private and semi-private dances. Plaintiffs deny the remaining allegations.

23. Plaintiffs do not have sufficient information to admit or deny this allegation as alleged.

24. Denied as to the enforceability of any agreement. The suggested minimum cost to customers for various private and semi-private dances was set by Defendants.

25. Plaintiffs do not have sufficient information to admit or deny this allegation as alleged.

26. Plaintiffs do not have sufficient information to admit or deny this allegation as alleged.

27. Denied.

28. Denied.

29. Denied.

30. Plaintiffs deny in whole a knowing and willful affirmation as alleged by Defendants. Plaintiffs further deny the enforceability or validity of any alleged document or signature.

31. Admit. Plaintiffs were <u>not</u> required to obtain Maryland Business Registration Certificates or any similar documents as a precondition of employment.

32. Denied.

33. Plaintiffs admit they received no wages from Defendants and that the only money they received for employment work duties was tips or gratuities received at the sole discretion of Defendants' customers. Plaintiffs further note that Defendants deducted and assigned significant portions of Plaintiffs tips and personal monies for Defendants' own use and enjoyment.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Plaintiffs are without sufficient knowledge to admit or deny the allegation as alleged.

39. Denied. Plaintiffs received no wages and no other compensation from Defendants and in fact received a "net-negative" regular hourly rate. Had Defendants paid Plaintiff in compliance with the FLSA and MWHL minimum wage rate and overtime requirement, Plaintiffs would have received cash wages at least equal to the minimum wage and overtime wages at the rate required by law, retained all tips from customers, and not paid Defendants fines, fees, charges, or portions of their tips for work duties performed.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied. Defendants never acted or performed in a manner to meet the elements of the "tip credit" strictly required by both the FLSA and MWHL.

## COUNT 1
## BREACH OF CONTRACT

47. Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT II
## UNJUST ENRICHMENT / QUANTUM MERUIT

56. Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

## RESPONSES TO DEFENDANTS' PRAYER FOR RELIEF

Plaintiffs deny Defendants' need, entitlement, or right to relief requested in Defendants' prayers for relief.

## AFFIRMATIVE AND NEGATIVE DEFENSES

1. Defendants' counterclaims fail to state a claim upon which relief can be granted.

2. Defendants' counterclaim is barred by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

3. To the extent that Defendants are entitled to any relief, such relief must be deducted from the substantial sums Defendants owe Plaintiffs as alleged Plaintiffs' Complaint.

4. If Plaintiffs owed any duty to Defendants, such duty has been fully performed, satisfied, and/or discharged.

5. Any breach of any agreement by Plaintiffs is excused due to Defendants' prior material breach of agreements between Plaintiffs and Defendants.

6. Defendants suffered no actual damages and, as such, relief as requested is not proper.

7. Defendants' claims for relief against Plaintiffs are barred by applicable statutes of limitations.

8. Defendants' claims fail and are without legal merit because each counterclaim is in the nature of indemnification for Defendants' violation of the FLSA and MWHL and is thus improper and legally inapposite.  *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992).

9. Defendants' claims fail and are without legal merit because the underlying notion of each counterclaim is that Plaintiffs agreed to be treated as independent contractors, and not FLSA or MWHL employees, and so waived their right to the protections of the FLSA and MWHL.  This is a legal impossibility as the right to minimum wage and overtime compensation under the FLSA and MWHL "cannot be waived by agreement between the employee and his employer." *Brooklyn Bank v. O'Neil,* 324 U.S. 697 (1945); *Mayhue's Super Liquor Stores, Inc. v. Hodgson,* 464 F.2d 1196, 1197 and n.1 (5th Cir. 1972).

10. Defendants' claims fail and are without legal merit because the underlying notion of each counterclaim is to recover money that is properly described as "tips" and not "services fees" and, as a consequence, Defendant has no legal or contractual right to recover this money or viable argument that this money can offset Defendant's wage obligation. *See Reich v. ABC/York-Estes Corp.,* 1997 WL 264379 at *5 (N.D. Ill. May 12, 1997).

11. A portion of Defendants' claims fail as they are precluded by applicable statutes of limitations.

12. Plaintiffs reserve the right to assert additional defenses, as appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For an Order dismissing Defendants' counterclaims with prejudice, and entering judgment in favor of Plaintiffs and against Defendants;

2. In that Defendants' counterclaims are retaliatory in nature and only brought to punish Plaintiffs for asserting their rights under the FLSA, the counterclaims as pleaded violate the anti-retaliation provision of the FLSA entitling Plaintiffs' right to recover all costs, disbursements, and reasonable attorney's fees incurred by Plaintiffs in connection with the defense of Defendants counterclaims; and

3. For any other such further relief this Court deems appropriate.

Respectfully submitted,

__/s/__Gregg C. Greenberg_____
Gregg C. Greenberg, Bar No. 17291
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiffs / Counterclaim Defendants*