```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
                                        :
LAURA MCFEELEY, et al.
                                        :

     v.                                 :   Civil Action No. DKC 12-1019

                                        :
JACKSON STREET ENTERTAINMENT,
LLC, et al.                             :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") collective action is Defendants' motion to dismiss for lack of prosecution as to Plaintiffs Nicole Gray and Scharlene Alugbuo. The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted in part and denied in part. In addition, Ms. Alugbuo's representative will have until November 6, 2014 to file a motion for substitution of the estate.

**I. Background**

Plaintiffs filed their complaint in the United States District Court for the District of Maryland on March 3, 2012. (ECF No. 1). Following conditional certification, Ms. Alugbuo filed her consent to "opt-in" as a plaintiff on February 4, 2013. (ECF No. 21). Ms. Gray filed her consent to "opt-in" as

a plaintiff on February 12, 2013. (ECF No. 22). Ms. Gray and Ms. Alugbuo were scheduled to be deposed on September 25, 2013. (ECF No. 47-2, at 3). Both Plaintiffs failed to appear for their depositions, so the parties agreed to reschedule for October 2, 2013. (ECF No. 47 ¶ 6). Plaintiffs did not appear for their October depositions, (*Id*. at ¶ 10), so a third set of depositions was scheduled for December 2, 2013 (*Id*. at ¶ 7). Plaintiffs once again failed to appear. (*Id*. at ¶ 11).

On November 26, 2013, Plaintiffs' counsel filed a motion to withdraw as counsel for Ms. Gray and Ms. Alugbuo. (ECF No. 42). Plaintiffs' counsel stated that Ms. Gray and Ms. Alugbuo have been completely unresponsive to all attempts of communication and have offered no reason for their failure to appear at the scheduled depositions. *Id*. The motion to withdraw as counsel was granted on December 2, 2013. (ECF No. 44). A copy of the order was sent to Ms. Gray and Ms. Alugbuo, and neither has responded. (ECF No. 47 ¶ 14). Discovery closed on December 3, 2013. (*Id*. at ¶ 15).

On January 21, 2014, Defendants filed a motion to dismiss for lack of prosecution as to Ms. Gray and Ms. Alugbuo pursuant to Federal Rule of Civil Procedure 37 and Local Rules. (ECF No. 47). On July 25, 2014, a letter from the court was mailed to Plaintiffs, giving them seventeen (17) days to respond and advising Plaintiffs that if they failed to respond, the case may

be dismissed against them. (ECF Nos. 49 and 50). The letter to Ms. Gray was returned as undeliverable on August 4, 2014. (ECF No. 51). On August 8, 2014, Ms. Alugbuo's mother Clementina Ibe filed an opposition to the motion to dismiss in which she intimates that Ms. Alugbuo has passed away. (ECF No. 52). Ms. Ibe requests an extension of time to explain her daughter's failure to appear at the scheduled depositions and to explain why Ms. Alugbuo, or her estate, should remain a part of this action. *Id*.

**II. Analysis**

    **a.   Plaintiff Nicole Gray**

Pursuant to Rule 37(d), courts may impose certain sanctions on a party who fails to appear for properly noticed depositions. *See* Fed.R.Civ.P. 37(d)(1)(A)(i). Such sanctions include "dismissing the action or proceeding in whole, or in part," or issuing a default judgment. Fed.R.Civ.P. 37(d) & 37(b)(2)(A)(i)-(vi). When assessing the appropriateness of sanctions under Rule 37(d), the United States Court of Appeals for the Fourth Circuit requires consideration of four factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the

effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). This district has found that dismissal is appropriate where a plaintiff has completely failed to participate in discovery or otherwise respond. *See Hughley v. Leggett*, No. DKC 11-3100, 2013 WL 3353746, at *2 (D.Md. July 2, 2013).

An analysis of the four factors supports an order of dismissal as to Ms. Gray. First, Ms. Gray's complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith. Second, her failure to appear to three scheduled depositions or to respond to any attempts of communication clearly prejudices Defendants, who cannot adequately prepare for a trial without Ms. Gray's participation. Third, the need to deter this level of unresponsiveness and lack of participation in the discovery process is obvious, as it delays the resolution of disputes. Fourth, as Ms. Gray has failed to respond to the granting of her own counsel's motion to withdraw as counsel or to the letter sent by the court, it is clear that her behavior would not be altered by less drastic sanctions.[1]  Accordingly, Ms. Gray will be dismissed from the case pursuant to Rule 37(d).

---

[1] Although the Rule 12/56 letter mailed to Ms. Gray came back undeliverable, earlier communications mailed to the same address were not returned. Parties are required to keep addresses up to date.

### b. Plaintiff Scharlene Alugbuo

Ms. Ibe's filing of an opposition to Defendants' motion to dismiss will suffice as a suggestion of death under Federal Rule of Civil Procedure 25(a). Pursuant to Rule 25(a)(1), a court "may" order substitution of a proper party "[i]f a party dies and the claim is not extinguished." Fed.R.Civ.P. 25(a)(1). The claims in the instant case are not extinguished, as the causes of action – violations of the FLSA and the MWHL – survive Plaintiff's death. *See Acebal v. United States*, 60 Fed.Cl. 551, 557 (Fed.Cl. 2004) (holding that FLSA claims survive to the representatives of the decedent's estate); *see also Bilanow v. United States*, 309 F.2d 267, 268 (Ct.Cl. 1962) ("The right to employment and to earn a living free from undue molestation is a property right affecting the estate of plaintiff. Such right does not abate upon [her] death.").

The motion for substitution must be made within ninety (90) days of service of a statement noting the death, or the claim will be dismissed. *See* Fed.R.Civ.P. 25(a)(1). Ms. Ibe submitted a statement noting Ms. Alugbuo's death on August 8, 2014. (ECF No. 52). Therefore, Ms. Ibe has until November 6, 2014 to file a motion for substitution of the estate and to serve the motion on the parties as provided by Rule 5 and on nonparties as provided by Rule 4. *See* Fed.R.Civ.P. 25(a)(1) & (3). The estate must be represented by counsel because all

parties other than individuals can only appear through counsel. *See* Local Rule 101.1(a).

## III. Conclusion

For the foregoing reasons, the motion to dismiss for lack of prosecution as to Plaintiff Gray will be granted, and the motion to dismiss Plaintiff Alugbuo will be denied. Ms. Alugbuo's representative is ordered to file a motion for substitution of the estate no later than November 6, 2014. A separate order will follow.

```
        /s/
_____
DEBORAH K. CHASANOW
United States District Judge
```