Members of the Jury -

At the outset, let me thank you for your attention to the parties, counsel, and witnesses in this case, for your patience in the matter of recesses and delays in the commencement of proceedings and when it has been necessary for me to discuss matters out of your presence, and for your promptness, making it possible to start each day and resume after recesses without delay.

As you may already know, the functions of the Judge and of the Jury in a case of this sort are quite different. It is my duty to instruct you as to the law which applies to this case. It is your duty to decide the facts and, in deciding these facts, to comply with the rules of law and apply them as I state them to you without regard to what you think the law is or should be. In deciding the facts and issues of fact, you must decide them without prejudice, or bias, or sympathy.

In my instructions to you on the law of this case, if I state any rule, direction or idea in varying ways, no emphasis is intended by me and none must be inferred by you. You are not to single out any certain sentence or individual point or instruction and ignore the others. Rather, you are to consider all of my instructions as a whole, and you are to regard each instruction in the light of all others. You will have a typewritten copy of these instructions for use during deliberations.

You and only you are the judges of the facts.  If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters, I instruct you to disregard it.  You may consider not only the evidence to which I may refer, and the evidence to which you may be referred by counsel in their arguments, but you may also consider any testimony or exhibits in the case, whether or not referred to by me or by counsel, which you may believe to be material.

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any fact in this case.  But in your consideration of the evidence you are not limited to the statements of the witnesses.  On the contrary, you are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your own experience.

The statements, questions, and arguments of counsel are not evidence and should not be considered as evidence unless any such statement was made as a stipulation conceding the existence of a fact or facts.  Let me emphasize that a lawyer's question is not evidence.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denied the truth of a statement, or if the question was not answered or an objection to the question was sustained, and if there is no

evidence proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question. On the other hand, a witness' answer is evidence and if a witness agreed with a statement contained in a lawyer's question, you may consider it as evidence.

A stipulation is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. The fact that a law suit or claim is filed is not evidence and you may draw no inference from that fact.

At times throughout the trial the court has been called upon to pass on the admissibility of certain offered evidence. You should not be concerned with my rulings or the reason for them. Whether evidence which has been offered is admissible or is not admissible is purely a question of law, and from a ruling on such a question you are not to draw any inference. In admitting evidence, to which an objection has been made, the court does not determine what weight should be given to such evidence. You must not guess what the answer might have been to any question to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objection. Whenever evidence was admitted for one purpose you should not consider it for any other purpose.

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence--such as the

testimony of an eyewitness.  The other is indirect or circumstantial evidence--the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

You are the sole judges of whether a witness should be believed.  In making this decision, you may apply your own common sense and every day experiences.

In determining whether a witness should be believed, you should carefully judge all the testimony and evidence and the circumstances under which each witness has testified.  You should consider the following:

1.  The witness' behavior on the stand and way of testifying;

2.  The witness' intelligence;

3.  Did the witness appear to be telling the truth?;

4.  The witness' opportunity to see or hear the things about which testimony was given;

5.  The accuracy of the witness' memory;

6.  Did the witness have a motive not to tell the truth?;

7.  Does the witness have an interest in the outcome of the case?;

8.  Was the witness' testimony consistent?;

9.  Was the witness' testimony supported or contradicted by other evidence?; and

10.  Whether and the extent to which the witness' testimony in court differed from other statements he or she made.

A witness' testimony may be discredited by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

You need not believe any witness even though the testimony is uncontradicted. You may believe all, part, or none of the testimony of any witness.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witnesses, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

You must consider and decide this case fairly and impartially. All persons stand equal before the law and are entitled to the same treatment under the law.  You should not be prejudiced for or against a person because of that person's race, color, religion, gender, political or social views, wealth or poverty.  You should not even consider such matters.  Nor should you allow emotion or moral judgments to enter your

deliberations.

BURDEN OF PROOF

The party who asserts a claim has the burden of proving it by what we call the preponderance of the evidence.

To prove by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that it is more likely true than not true.

In determining whether a party has met the burden of proof you should consider the quality of all of the evidence regardless of who called the witness or introduced the exhibit and regardless of the number of witnesses which one party or the other may have produced.

If you believe that the evidence is evenly balanced on an issue, then your finding on that issue must be against the party who has the burden of proving it.

APPLICABLE SUBSTANTIVE LAW

This case arises under the Fair Labor Standards Act and the Maryland Wage Hour Law.  These are the Federal and Maryland laws that mandate that employees must be paid at a minimum hourly rate.  As applicable to the claims in this case, that

amount is $7.25 per hour and time-and-a-half overtime pay for overtime hours worked per week over forty (40) of $10.88.

As I told you during jury selection, the Court has found that the Plaintiffs were employees of Defendants and not independent contractors.   Moreover, the law does not permit a person to waive her right to receive minimum wages.   Defendants concede that they did not pay Plaintiffs wages during the times that they worked for Defendants.  However, Defendants deny that they owe Plaintiffs all the sums claimed. You are here to determine how much Defendants owe to Plaintiffs for unpaid minimum wages and overtime.

You must consider each Plaintiff individually.  For each Plaintiff, if you find that she has proven by a preponderance of the evidence that she worked non-overtime hours for which she was not paid at least equal to the Federal or Maryland minimum wage, you must find for that Plaintiff on her minimum wage claim.

For each Plaintiff who claims she worked more than forty (40) hours in any week during her employment, if you find that she has proven by a preponderance of the evidence that she has worked in excess of forty (40) during any week of her employ, and that Defendants did not pay her at least equal to the Federal or Maryland overtime rate, you must find for that Plaintiff on her overtime wage claim.

The Defendants were required to pay those minimum hourly rates free and clear of any deductions, charges, fees, fines, tip ins, tip outs, or kickbacks paid to Defendants by Plaintiffs.  If you find that any Plaintiff paid Defendants any money by way of deductions, charges, fees, fines, tip ins, tip outs, or kickbacks, you must include that amount in your award.  Tips or any other money a Plaintiff received from customers are not wages and are not to be considered.

Employees are to be awarded compensation on the most accurate basis possible. You must determine the number of hours worked by each Plaintiff based on all the evidence.  Each Plaintiff bears the burden of proving that she performed work for which she was not properly compensated, but she may satisfy that burden by just and reasonable inference.  Moreover, the Defendants were legally required to keep accurate records of the hours worked.  If you find that the Defendants failed to maintain records or that the records kept are inaccurate or inadequate, you must accept each Plaintiff's estimate of hours worked, unless you find it to be unreasonable. Damages may be awarded even though the result is only approximate.

On the verdict sheet, you will be asked to return a verdict as to each Plaintiff. For all of them, the time frame for awarding damages ends on May 6, 2013, even if the plaintiff worked after that date.  The beginning time for each plaintiff's claim is as follows:  Laura McFeeley-April 3, 2009; Danielle Everett-April 18, 2009; Crystal

Nelson-May 6, 2010; Dannielle McKay-May 6, 2010; Jenny Garcia-May 6, 2010; and

Patrice Howell-May 6, 2010. Each Plaintiff testified that she worked for some of the

time between those dates.

For each plaintiff, you will determine the number of weeks she worked during

the applicable time frame, the schedule she kept, the number of hours she worked each

week, and the weekly amount she had to pay to the Defendants. Then you will

calculate the amount due, by multiplying the weeks worked by the hours worked each

week and multiplying by the minimum wage of $7.25 for regular hours and $10.88 for

any hours in excess of 40 per week. You will then add the weekly amount each paid

to Defendants to reach a total amount due.

As to each plaintiff, you will also be asked to determine the portion of the total

amount that is due for work after a certain date. The court needs you to make that

determination in order to finalize any award in this case.

CONCLUSION

When you retire to the jury room, you will select one of yourselves to act as

your foreperson. The foreperson will be your spokesperson here in Court.

In this case, it will be your duty to return your verdict in the form of written

answers to the written questions which are being submitted by the Court. Your

answers will constitute your verdict. Each answer is to be written in the space

provided after each question.  It is your duty to answer each of the questions in accordance with the evidence in this case.

Before making each answer, all of you must agree upon it.  That is, your verdict must be unanimous, reflecting the considered judgment of each and every one of you.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges - judges of the facts.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson, or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing; and I will never communicate with any member of

the jury on any subject touching the merits of the case, otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiff that he or she too, as well as all other persons, is forbidden to communicate in any way or manner with any members of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

When you have reached a unanimous agreement as to your verdict, please notify the bailiff and you will return to the courtroom with your verdict.

When you return to the court room, the clerk will ask you, "have you arrived at a verdict and who shall say for you?"  Your answer will be, "our foreperson."  She or he will then rise and give the verdict.