IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA MCFEELEY, et al. :

    v.     :   Civil Action No. DKC 12-1019

JACKSON STREET ENTERTAINMENT,
   LLC, et al. :

**MEMORANDUM OPINION**

After the court granted Plaintiffs' motion for partial summary judgment, the remaining issues came on for trial before a jury on February 3-5, 2015. Plaintiffs' claims that proceeded to trial (counts I to III) were based on Defendants' alleged violations of the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Law ("MWHL") for failing to pay Plaintiffs minimum wage and overtime.[1] Under the FLSA and MWHL, it was determined at summary judgment that Plaintiffs were employees of Defendants and Defendants were employers, but there was a genuine dispute over whether Plaintiffs performed work for which they were improperly compensated, and this issue was reserved for trial. Because Defendants did not maintain

---

[1] Count I alleged Defendants' violation of the FLSA minimum wage law; Count II alleged Defendants' violation of the FLSA overtime law; and Count III alleged Defendants' violation of the MWHL minimum wage and overtime laws. (ECF No. 31). Plaintiffs also brought a claim based on Defendants' violation of the Maryland Wage Payment and Collection Law (Count IV), but Plaintiffs abandoned this claim.

adequate records of Plaintiffs' wages paid and hours worked, Plaintiffs were required to show at trial by a preponderance of evidence the "amount and extent of [the work they performed for which they were improperly compensated] as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.,* 28 U.S. 680, 687-88 (1946).

Although Plaintiffs brought parallel claims under the FLSA and MWHL for unpaid minimum wage and overtime, as noted in *Clancy v. Skyline Grill, LLC,* No. ELH-12-1598, 2012 WL 5409733, at *5 (D.Md. Nov. 5, 2012), *report and recommendation adopted,* No. ELH-12-1598, 2013 WL 625344 (D.Md. Feb. 19, 2013), "a party may not recover twice for one injury, even if the party asserts multiple, consistent theories of recovery." Therefore, Plaintiffs can only recover damages "for unpaid wages under *either* the FLSA or the MWHL[,]" but not under both statutes. *Id.* at *7 (emphasis added). Plaintiffs established Defendants' violation of the FLSA and MWHL, but chose to seek compensatory damages under the MWHL because its statute of limitations is three years, whereas the FLSA statute of limitations is two years unless Plaintiffs prove Defendants' violation of the FLSA was willful. *Orellana v. Cienna Properties, LLC,* No. JKB-11-2515, 2012 WL 203421, at *5 (D.Md. Jan. 23, 2012) (*citing* Md.

Code Ann., Cts. & Jud. Proc. § 5-101); 29 U.S.C. § 255(a). Plaintiffs also sought liquidated damages under the FLSA.

The jury returned verdicts as to the amount of damages to which each plaintiff is entitled under the MWHL based on a three year statute of limitations.  As explained below, the jury also determined the amount of unpaid wages that were due to Plaintiffs for work performed within the two-year look-back period for the FLSA in order for the court to award liquidated damages.

In the undersigned's previous opinion, the issue of whether Plaintiffs were entitled to liquidated damages in an amount equal to their unpaid wages was reserved for trial.  Unlike the other issues to be determined at trial, Plaintiffs' entitlement to liquidated damages was an issue to be determined by the judge rather than the jury.  Pursuant to 29 U.S.C. § 260, "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216[,]" if "the employer shows to the satisfaction of the court that [its actions were] in good faith and that he had reasonable grounds for believing that his act or omissions was not a violation" of the FLSA.  Based on the evidence and testimony adduced at trial, the court determined that Defendants did not act in good faith prior to September 2011, but their

3

actions following September 2011 were taken in good faith and Defendants had reasonable grounds for believing they were not violating the FLSA. Defendants acted in good faith by consulting an attorney in or around September 2011 regarding their relationship with the clubs' dancers, and having each Plaintiff sign a "Space/Lease Rental Agreement" ("Agreement") in mid-September 2011. Based on their attorney's advice, Defendants had a reasonable basis for treating Plaintiffs as independent contractors and entering into these Agreements. Plaintiffs will be awarded the following amounts of liquidated damages, which are based on the jury's determination of damages that accrued as of and after the FLSA's two year look-back date,[2] and which have been reduced to account for Defendants' good faith following September 2011:

    Laura McFeeley: $35,000

    Danielle Everett: $7,000

---

[2] Plaintiffs are not entitled to liquidated damages under the MWHL, because the right to liquidated damages under the MWHL only became effective on July 1, 2014 and would not apply retroactively to Plaintiffs. Md. Code Ann., Lab. & Empl. § 3-427 (2014). Therefore, Plaintiffs could only seek liquidated damages under the FLSA. Plaintiffs did not attempt to prove at trial that Defendants' actions in violating the FLSA were willful in order to entitle them to liquidated damages based on a three-year statute of limitations period. 29 U.S.C. § 255(a). Accordingly, Plaintiffs could only seek liquidated damages under the FLSA based on a two-year statutory look-back period from the date each Plaintiff filed a written consent form to opt-in to this collective action. 29 U.S.C. §§ 255, 256.

      Crystal Nelson: $8,000

      Dannielle Arlean McKay: $520

      Jenny Garcia: $9,400

      Patrice Howell: $8,400

The liquidated damages amounts are based on an assessment of what weeks each Plaintiff worked for Defendants between the beginning date of her FLSA look-back period and mid-September 2011. For example, Ms. McKay's period began on February 4, 2011, but she testified that she ceased working on February 15, and began working again in mid-September when she signed the Agreement with Defendants on September 16, 2011. Thus, she only worked for two weeks during the pertinent period. On the other hand, Ms. McFeeley worked the entire time from the beginning of her look-back period on April 3, 2010 to mid-September 2011, a period of some 74 or 75 weeks. For Ms. Nelson and Ms. Howell, the court endeavored to estimate what portion of the jury award accrued during the applicable period, taking into account the jury's modest reductions in the amounts claimed. Ms. Garcia, whom the jury credited entirely, only worked a month or so after signing the Agreement. Most of her time worked fell between the beginning of her look-back period and mid-September 2011. The jury reduced Ms. Everett's claim substantially and it is virtually impossible to discern what period the jury decided she

worked, and on what schedule. The court also found her testimony difficult to credit, although she did establish that she worked for Defendants and was not paid during some period of time. One way to analyze the jury's verdict is that it only credited Ms. Everett with working an average of 13 hours per week for the entire period she claimed. Thus, for the 72 weeks she worked within the look-back period, she will be awarded $7,000 in liquidated damages.

In the September 15, 2014 Memorandum Opinion, Plaintiffs were denied summary judgment as to Defendants' counterclaims for breach of contract and unjust enrichment because there was a genuine dispute over whether the performance fees paid to Plaintiffs constituted service fees that could offset Defendants' wage obligations. (ECF No. 56). Prior to trial, however, the parties stipulated to specific offset amounts against Ms. McFeeley and Ms. Nelson's damages in order to simplify the issues and evidence presented at trial. Specifically, the parties agreed to an offset of $1,640 for amounts paid to Laura McFeeley and $640 as an offset for amounts paid to Crystal Nelson. (ECF No. 74). Accordingly, the jury's compensatory damage amounts for Ms. McFeeley and Ms. Nelson will be reduced by these amounts.

A separate judgment will be entered in accordance with the foregoing memorandum opinion.

```
                          /s/
       DEBORAH K. CHASANOW
       United States District Judge
```