```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                    :
LAURA MCFEELEY, et al.
                                    :
     v.                             :   Civil Action No. DKC 12-1019
                                    :
JACKSON STREET ENTERTAINMENT,
LLC, et al.                         :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is a motion to compel, for contempt, and for sanctions filed by Plaintiffs Laura McFeeley, Danielle Everett, Crystal Nelson, Danielle Arlean McKay, Jenny Garcia, and Patrice Howell (collectively, the "Plaintiffs"). (ECF No. 128).[1] The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion will be granted in part and denied in part.

**I.   Background**

Plaintiffs brought this collective action under the FLSA and the Maryland Wage and Hour Law. After the court granted Plaintiffs' motion for partial summary judgment, the remaining

---

[1] Although Plaintiffs' motion is styled only as a "motion for sanctions and contempt of court," it is also a motion to compel. (*See* ECF No. 128, at 3 (seeking an order "compelling Defendants . . . to respond fully to Plaintiffs' [c]ollection [i]nterrogatories")).

issues went to trial in February 2015.[2] Following a three-day jury trial, the jury returned verdicts as to the amount of compensatory damages to which each plaintiff is entitled. (*See* ECF No. 87). On February 10, the court entered judgment in favor of Plaintiffs and against Defendants Jackson Street Entertainment, LLC; Risque, LLC; Quantum Entertainment Group, LLC; Nico Enterprises, Inc.; XTC Entertainment Group, LLC; and Uwa Offiah (collectively, the "Defendants"); jointly and severally for a total amount of $265,276.50, which included compensatory and liquidated damages. (ECF No. 93).[3]

On May 19, Plaintiffs filed a motion to recover attorney's fees and costs. (ECF No. 101). After the Defendants filed an appeal with the United States Court of Appeals for the Fourth Circuit, this court stayed the action and deferred ruling on Plaintiffs' motion until after the adjudication of the appeal. (ECF No. 123). Oral argument is scheduled before the Fourth Circuit for May 11, 2016.

On January 5, 2016, Plaintiffs served Michael L. Smith, attorney for Defendants, with interrogatories in aid of enforcement of judgment. (ECF No. 128-2). When Defendants did

---

[2] The earlier procedural history of the action is not relevant to the pending motion.

[3] The court erred in its initial order by not entering judgment against Mr. Offiah. This was corrected by order on June 23, 2015. (ECF No. 111).

not respond timely to the interrogatories, Plaintiffs sent a letter to Mr. Smith noting that they would "promptly file a Motion for Sanctions seeking attorney's fees and costs" if Defendants did not respond to the interrogatories by March 1. (ECF No. 128-3).  On March 1, Mr. Smith informed Plaintiffs that his "representation [of Defendants] ended once a final judgment was entered" and that he continues to represent Defendants only in their appeal before the Fourth Circuit.  (ECF No. 129-1). Accordingly, Mr. Smith asserts that he is "not authorized to accept service for any documents other than those pertaining to the ongoing appeal."  (*Id.*).  On March 15, Plaintiffs filed the pending motion to compel and for sanctions and contempt.  (ECF No. 128).  Defendants responded in opposition (ECF No. 129), and Plaintiffs replied (ECF No. 130).[4]

**II. Analysis**

    **A.   Defense Counsel's Purported Withdrawal**

Defendants' opposition argues that Mr. Smith no longer represents Defendants in this action, and therefore, Defendants have not been served properly with the interrogatories. Plaintiffs counter that Mr. Smith has not withdrawn his

---

    [4] Although Mr. Smith purports to file the response on his behalf, and not on behalf of Defendants, for ease of reference and clarity, the court will refer to the response as being filed by Defendants.

appearance in this action and still represents Defendants.  (ECF No. 130, at 2-3).

According to Mr. Smith, his representation of Defendants in this action "terminated on May 5, 2015."  (ECF No. 129 ¶ 6).  Mr. Smith provides no evidence showing that Defendants terminated his representation or that he attempted to withdraw from representing Defendants in this action.  Counsel's withdrawal of appearance is governed by Local Rule 101.2.  Local Rule 101.2 provides, in relevant part:

> In the case of any party other than an individual, including corporations, partnerships, unincorporated associations and government entities, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it.

Local Rule 101.2.b.  In addition, "[a]ll parties other than individuals must be represented by counsel."  Local Rule 101.1.a; *see MHD-Rockland Inc. v. Aerospace Distribs. Inc.*, 102 F.Supp.3d 734, 737 (D.Md. 2015).  The process to withdraw from representing an individual is similar, but an individual has the

option, after notifying the Clerk, to proceed without counsel. *See* Local Rule 101.2.a.

Here, it is clear that Mr. Smith has not withdrawn his appearance in this action. He has not complied with any of the dictates of Local Rule 101.2 and has seemingly made no efforts to withdraw formally. Moreover, if Mr. Smith were to withdraw, all Defendants other than Mr. Offiah would be unable to proceed without counsel. Mr. Smith's assertions to Plaintiffs' counsel and in the response to Plaintiffs' motion are not sufficient to withdraw. Accordingly, Plaintiffs have served properly their interrogatories on Defendants by serving Mr. Smith.

### B. Motion to Compel, for Contempt, and for Sanctions

Plaintiffs ask the court to: (1) compel Defendants to respond fully to Plaintiffs' interrogatories; (2) order that if any Defendants fail to comply fully with the order to compel, that Defendants will be held in contempt; and (3) order a "sanction of $500 against Defendants, jointly and severally, for costs associated with filing this [m]otion." (ECF No. 128, at 3-4).

Plaintiffs' request for an order holding Defendants in contempt and for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) is premature. Rule 37(b)(2)(A) allows the court to hold a party in contempt only if it "fails to obey *an order* to provide or permit discovery." Fed.R.Civ.P. 37(b)(2)(A)

(emphasis added); *see Fisher v. Fisher*, No. WDQ-11-1038, 2012 WL 2873951, at *1 (D.Md. July 12, 2012) ("Rule 37(b)(2)(A) applies only when a party has failed to obey a court order—specifically, a discovery order." (citation and internal quotation marks omitted)). Here, Defendants' failure to provide discovery has not, to this point, contravened any court order. Accordingly, Plaintiffs' motion will be denied as to the request to hold Defendants in contempt.

The Federal Rules provide that "[i]n the aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2). Plaintiffs served Defendants with interrogatories pursuant to Rule 33. (ECF No. 128-2). Rule 37(a)(3)(B)(iii) allows a party to move to compel a response if a party fails to answer an interrogatory submitted under Rule 33. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1).[5]

---

[5] Although Local Rule 104.8 sets forth additional procedural requirements for motions to compel, these procedures are not required when, as here, "no responses at all have been served." *See* Local Rule 104.8.

6

Here, it is undisputed that Defendants have not responded to Plaintiffs' interrogatories. Plaintiffs attempted to resolve this issue in good faith by corresponding with Mr. Smith, but Mr. Smith asserted he does not represent Defendants and failed to respond to the interrogatories. Defendants have not opposed the merits of Plaintiffs' motion. Accordingly, Plaintiffs' motion to compel will be granted. Defendants will have thirty (30) days from the date of this memorandum opinion and order to respond fully or otherwise object to Plaintiffs' interrogatories.

Plaintiffs also seek a "sanction" of $500 against Defendants "for costs associated with filing" the motion. (ECF No. 128, at 4). Although styled as a sanction, Plaintiffs appear to be seeking payment of expenses under Rule 37(a)(5)(A). Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A). Plaintiffs provide no documentation supporting their request of $500, and it is entirely unclear how they arrive at that amount. Accordingly, Plaintiffs shall file documentation supporting their request for reasonable expenses and attorney's fees under

7

Rule 37(a)(5)(A) within fourteen (14) days.  Plaintiffs' request should comply with the guidelines set forth in Local Rule 109.2.  Defendants' shall file any opposition to Plaintiffs' request within fourteen (14) days of service of the request.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion will be granted in part and denied in part.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
