IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA MCFEELEY, ET AL.          :

                              :

    v.          :  Civil Action No. DKC 12-1019

                              :

JACKSON STREET ENTERTAINMENT,
    LLC, ET AL.          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is an unopposed motion for attorney's fees and costs filed by Plaintiffs.  (ECF No. 136).  The court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Plaintiffs' motion will be granted in part and denied in part.

## I.  Background

Additional background can be found in the United States Court of Appeals for the Fourth Circuit's opinion affirming judgment for Plaintiffs.  *See McFeeley v. Jackson Street Entm't, LLC*, --F.3d--, 2016 WL 3191896 (4th Cir. June 8, 2016).  Plaintiff Laura McFeeley initiated this collective action under the FLSA and the Maryland Wage and Hour Law ("MWHL") by filing a complaint on April 3, 2012, which was amended to add a second named plaintiff.  (ECF Nos. 1; 3).  Defendants Jackson Street Entertainment, LLC; Risque, LLC; Quantum Entertainment Group,

LLC; Nico Enterprises, Inc.; XTC Entertainment Group, LLC; and Uwa Offiah (collectively, the "Defendants") answered the amended complaint and asserted counterclaims. (ECF No. 4). The court granted in part and denied in part Plaintiffs' motion to dismiss the counterclaims. (ECF Nos. 12; 13). On May 6, 2013, Plaintiffs amended their complaint for a second time to add individuals who had opted-in to the certified class. (ECF No. 31). After the court granted Plaintiffs' motion for partial summary judgment (ECF Nos. 56; 57), the remaining issues went to trial in February 2015. Following a three-day jury trial, the jury returned verdicts as to the amount of compensatory damages to which each plaintiff is entitled. (*See* ECF No. 87). On February 10, 2015 the court entered judgment in favor of Plaintiffs and against Defendants; jointly and severally for a total amount of $265,276.50, which included compensatory and liquidated damages. (ECF No. 93).

On May 19, 2015, Plaintiffs filed a motion to recover attorney's fees and costs. (ECF No. 101). After the Defendants filed an appeal with the Fourth Circuit, this court stayed the action and deferred ruling on Plaintiffs' motion until after the adjudication of the appeal. (ECF No. 123). On April 13, 2016, the undersigned granted in part and denied in part a motion to compel, for contempt, and for sanctions filed by Plaintiffs and awarded Plaintiffs $1,800.00 in attorney's fees for work related

to the motion.  (ECF No. 134).  On June 8, the Fourth Circuit affirmed the judgment in favor of Plaintiffs.  (ECF No. 135). On June 21, Plaintiffs filed the pending motion for attorney's fees and costs, which requests $170,970.00 in attorney's fees and $6,903.96 in costs.  (ECF No. 136).  Defendants have not responded and the time to do so has passed.  On July 8, the Fourth Circuit denied Defendants' petition for a rehearing *en banc*, and the mandate was issued July 18.  (ECF Nos. 138; 139).

## II.  Standard of Review

In any action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory.  "The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short,* 730 F.2d 136, 141 (4th Cir. 1984).  The MWHL also allows for the recovery of attorney's fees and costs.  *See* Md. Code Ann., Lab. & Empl. § 3-427.

"The proper calculation of an attorney's fee award involves a three-step process.  First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'"  *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs.,*

*LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In assessing reasonableness, the Fourth Circuit has instructed district courts to consider what are known as the *Johnson* factors, which are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Id.* at 88 n.5 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). "Next, the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.' Finally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id.* (quoting *Robinson*, 560 F.3d at 244). The Fourth Circuit has noted that a district court's determination of attorney's fees should stand unless the district court abused its discretion by reaching a decision that

is "'clearly wrong' or committing an 'error of law.'"  *Id.* at 88

(quoting *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

## III. Analysis

### A.   Lodestar Calculation

### 1.   Hourly Rate

"[T]he burden rests with the fee applicant to establish the

reasonableness of a requested rate." *Robinson*, 560 F.3d at 244

(quoting *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990)).

"In addition to the attorney's own affidavits, the fee applicant

must produce satisfactory specific evidence of the prevailing

market rates in the relevant community for the type of work for

which he seeks an award," including, for example, "affidavits of

other local lawyers who are familiar both with the skills of the

fee applicants and more generally with the type of work in the

relevant community." *Id.* at 244, 245 (internal quotation marks

omitted).   The Local Rules provide non-binding guidelines

regarding reasonable hourly rates that vary depending on how

long an attorney has been admitted to the bar.   Local Rules,

App'x B.[1]

---

[1] The Local Rules put forth the following guidelines: $150–
225 for lawyers admitted to the bar less than five years; $165–
300 for lawyers admitted for five to eight years; $225–350 for
lawyers admitted for nine to fourteen years; $275–425 for
lawyers admitted for fifteen to nineteen years; and $300–$475
for lawyers admitted for twenty years or more.   The rate for
paralegals and law clerks is $95–150.

Plaintiffs request the following rates for attorneys who worked on this case:

- Gregg Greenberg (5-9 years admitted to the bar during the course of this litigation): $295

- Michael Amster (3-7 years): $295

- John McDonough (3-7 years): $250

- Amy DiBiasio (1-4 years): $225

- Jason Friedman (1-4 years): $225

- Paralegals and law clerks: $135

(ECF No. 136, at 8-9). Plaintiffs argue that the rates are reasonable because they fall within the guidelines in the Local Rules. (*Id.*). Plaintiffs also submit declarations from Mr. Amster, their lead counsel, and Mitchell L. Batt, a local Maryland attorney, to support the reasonableness of the requested rates. (ECF Nos. 136-3; 136-4).

Because Plaintiffs provide sufficient support for the requested billing rates and because their motion is unopposed, the rates will, in large part, be granted. The rates of Mr. Amster and Mr. McDonough, however, will be reduced for a portion of the hours spent on this action. Mr. Amster was admitted to the bar in September 2009 and Mr. McDonough was admitted in December 2009, which means that they were admitted to the bar for less than five years until September and December 2014,

respectively.    (ECF  No.  136-3,  ¶¶  1-2).    Although  their
requested  rates  are  within  the  guidelines  for  an  attorney
admitted  to  the  bar  for  five  to  eight  years,  they  are  higher
than  the  guidelines  for  someone  admitted  less  than  five  years,
and  Plaintiffs  do  not  articulate  why  a  higher  rate  is  justified
for  the  entire  time  period.    Accordingly,  the  rate  for  Mr.
Amster  and  Mr.  McDonough  will  be  reduced  to  $225  for  work
performed  prior  to  the  appropriate  month  in  2014.    All  other
requested  rates  are  reasonable  in  light  of  the  declarations
provided  and  the  guidelines  in  the  Local  Rules.

### 2.  Hours Worked

Plaintiffs  provide  itemized  time  records  that  list  the  date
of  the  work,  who  performed  the  work,  the  time  spent,  a  brief
description  of  the  work,  and  the  litigation  phase  for  which  the
work  was  performed.    (ECF  No.  136-1).    Mr.  Amster  asserts  that
Plaintiffs'  counsel  worked  a  total  of  655.1  hours  on  this  case
and  exercised  billing  judgment  by  eliminating  30.7  hours  for
"excessive  or  unnecessary  work."    (ECF  No.  136-3  ¶  6).    Many  of
the  removed  entries  appear  to  be  for  work  done  on  behalf  of
dismissed  plaintiffs.[2]    In  the  end,  Plaintiffs  seek  recovery  for
624.4  hours  of  work.    (*Id.*).    A  close  review  of  the  billing
records  reveals  that  the  number  of  hours  requested  is

---

[2]  As  Plaintiffs  note,  eight  removed  hours  are  for  work
performed  in  relation  to  their  motion  to  compel,  for  which  they
have  already  been  compensated.

reasonable.    This  collective  action  stretched  over  more  than four  years  and  was  defended  aggressively  by  Defendants.    It presented  some  relatively  novel  employment  law  issues,  included multiple  parties  on  both  sides,  and  ultimately  went  to  trial  and was  heard  on  appeal  in  the  Fourth  Circuit.    In  short,  this  was  a fairly  complex  case  that  required  counsel  to  spend  significant time  litigating,  and  Plaintiffs'  request  of  624.4  hours  is reasonable.    Accordingly,  after  modifying  the  billing  rates  as discussed  in  the  preceding  section,  the  lodestar  figure  is $166,963.00.

**B.    Adjustments to the Lodestar**

To  the  extent  that  any  *Johnson*  factors  remain  after  the determination  of  the  lodestar,  none  support  a  reduction.    (*See* ECF  No.  136,  at  9-15);  *see  also  Andrade  v.  Aerotek,  Inc.*,  852 F.Supp.2d  637,  646  (D.Md.  2012)  (noting  that  "most"  of  the *Johnson*  factors  "are  subsumed  in  the  rate  and  hour  analysis).  Furthermore,  Plaintiffs  have  removed  the  hours  spent  working solely  on  behalf  of  dismissed  plaintiffs.    Finally,  Plaintiffs' level  of  success  supports  awarding  the  full  lodestar  amount.  The  Fourth  Circuit  has  described  the  analysis  of  the  level  of success  as  the  third  step  of  a  fee  calculation,  noting  that courts  "should  award  some  percentage  of  the  remaining  amount, depending  on  the  degree  of  success  enjoyed  by  the  plaintiff."  *McAfee*,  738  F.3d  at  88  (citation  and  internal  quotation  marks

omitted).   Other times, such a calculation is referred to as an additional focus on the eighth *Johnson* factor, which directs a court to look at "the amount in controversy and the results obtained."   *See Jackson v. Estelle's Place, LLC*, 391 F.App'x 239, 243 (4th Cir. 2010).   As the Fourth Circuit recently articulated, a court should "reduce the award if 'the relief, however significant, is limited in comparison to the scope of the litigation as a whole.'   . . . What the court must ask is whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'"   *Doe v. Ray*, --F.App'x--, 2016 WL 4191505, at *9 (4th Cir. Aug. 9, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 436 (1983)).

Here, Plaintiffs recovered a significant amount in damages, including liquidated damages.   Moreover, the FLSA is "a statute which Congress thought was necessary to provide 'fair labor standards' for employees, including those marginalized workers unable to exert sufficient leverage or bargaining power to achieve adequate wages," such as Plaintiffs.   *McFeeley*, 2016 WL 3191896, at *8.   Plaintiffs' success helped secure the rights protected by the FLSA for themselves and others.   Accordingly, no reduction to the lodestar is warranted, particularly because Defendants did not oppose Plaintiffs' motion.   Plaintiffs will be awarded $166,963.00 in attorney's fees.

C.   **Costs**

Plaintiffs seek to recover $6,903.96 in litigation costs. In support of their request, Plaintiffs provide an itemized list detailing each cost (ECF No. 136-2) as well as Mr. Amster's declaration attesting to the accuracy and reasonableness of the costs (ECF No. 136-3 ¶ 9).

> [T]he Fourth Circuit has held that district courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases. *Roy v. Cnty. Of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998). . . . [C]osts charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Types of costs charged to losing defendants include "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D.Md. Aug. 25, 2010).

*Andrade*, 852 F.Supp.2d at 644. In addition, the Local Rules provide that "[m]ileage is compensable at the rate of reimbursement for official government travel in effect at the time the expense was incurred." Local Rule, App'x B. The following requested costs are clear, reasonable, and will be awarded in their entirety: $55.00 for a tracer invoice; $88.50 for mileage; $5.32 for postage for correspondence with defense counsel; a $350.00 filing fee; $2,806.67 for expert witness

fees; and $3,173.79 for deposition transcripts. Postage requested for correspondence to the dismissed plaintiffs will not be awarded. The following entries are vague or unclear and will not be awarded because the court is unable to determine their reasonableness: "ck 3359;" "Circuit Court for PG County;" and "Largo, Maryland 20774. Deposition." *See Andrade*, 852 F.Supp.2d at 645 (denying a request for certain costs because the "entries lack[ed] the basic level of detail sufficient for the court to understand the nature of the costs or why they should be granted"). Accordingly, Plaintiffs will be awarded $6,479.28 in costs.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' motion for attorney's fees and costs will be granted in part and denied in part. Judgment will be entered in favor of Plaintiffs in the amount of $166,963.00 for attorney's fees and $6,479.28 for costs. A separate order will follow.

 

 

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
