```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| LAURA MCFEELEY, et al. | : |
|  | : |
| v. | : Civil Action No. DKC 12-1019 |
|  | : |
| JACKSON STREET ENTERTAINMENT,<br>   LLC, et al. | : |

**MEMORANDUM OPINION**

Plaintiffs Laura McFeeley, et al. ("Plaintiffs") filed a motion, without citing any rule or statute, to "amend" the judgments to include what they call "alter egos" or "aliases" of one of the defendants, Uwa Offiah ("Mr. Offiah"). (ECF No. 150). The judgments were entered many years ago, on August 15, 2016 for attorneys' fees and costs (ECF No. 141) and February 10, 2015 (ECF No. 93, corrected by ECF No. 111 on June 23, 2015), for damages. Collection efforts have been ongoing and Plaintiffs now seek to amend the judgments to include what they label as "alter egos" of Mr. Offiah based on a bankruptcy petition filed in 2017 by Quantum Entertainment, LLC, another one of the defendants; business records in Nevada accessed on-line in December 2023; tax lien records; land records dating back to 2010; land records in Prince George's County showing a Celestine Offiah as a co-owner of property; and publicity for a memoir. Plaintiffs seek a court order "to include the known and suspected aliases" of the judgment

debtor.  (ECF No. 150, at 3).  Mr. Offiah has not responded to the motion.

In federal court, a motion filed this long after entry of judgment is governed by Fed.R.Civ.P. 60,[1] pursuant to which a party "can obtain . . . relief based on only the six grounds identified."  *Daulatzai v. Maryland*, 97 F.4th 166, 178 (4th Cir. 2024).  And, for the first three grounds, a motion must be filed within one year of the judgment.  Fed.R.Civ.P. 60(c)(1).  Thus, the only recognized grounds available to Plaintiffs would be that the judgment is void; the judgment has been satisfied, released, or discharged; or another reason justifies relief.  Fed.R.Civ.P. 60(b)(4)-(6).  The last category requires a showing of extraordinary circumstances.  *Daulatzai*, 97 F.4th at 178.

Execution of judgments is governed by Fed.R.Civ.P. 69, which points the federal court to state procedures.  It appears that at least one state, California, permits the type of amendment sought here:

> Rule 69(a) of the Federal Rules of Civil Procedure governs execution of judgments. That rule "empowers federal courts to rely on state law to add judgment-debtors."  *In re*

---

[1] Rule 59 authorizes a motion to alter or amend a judgment if filed within 28 days of the judgment.

>*Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999). *Id.*
>
>The applicable state law, California Code of Civil Procedure § 187, grants its courts "all the means necessary to carry [their jurisdiction] into effect." Cal. C.C.P. § 187. California has interpreted Cal. C.C.P. § 187 as giving its courts the power to amend a judgment to add non-party alter egos as judgment debtors when two conditions are met. *See, e.g., Misik v. D'Arco*, 197 Cal.App. 4th 1065, 1073 (2011). A Cal. C.C.P. § 187 amendment requires a plaintiff to prove, by a preponderance of the evidence, "(1) that the new party [is] the alter ego of the old party, and (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004) (quoting *In re Levander*, 180 F.3d at 1121); *Wollersheim v. Church of Scientology*, 69 Cal.App. 4th, 1012, 1013 (1999) (discussing evidentiary standard). "Amending a judgment to add an alter ego of an original judgment debtor is an equitable procedure based on the theory that the court is . . . merely inserting the correct name of the real defendant." *Highland Springs Conf. & Training Ctr. v. City of Banning*, 244 Cal.App. 4th 267, 280 (2016) (internal quotations omitted). In the interest of justice, California courts encourage amendments that aid the execution of judgments. *Misik*, 197 Cal.App. 4th at 1073.

*Carlson Produce, LLC v. Clapper*, No. 18-cv-07195-VKD, 2022 WL 2905157, at *1 (N.D.Cal. July 22, 2022). Maryland law does not seem to provide such a mechanism, and it is not at all clear Plaintiffs are truly seeking to add an alter ego. Rather, they appear to contend that the other names are, in fact, the same

3

person. Thus, it is more appropriate to analyze whether the judgment may be amended to add aliases.

Courts have amended judgments to add aliases when the aliases had been identified before judgment was entered. *See, e.g.*, *City of Carlsbad v. Shah*, No. 08-cv-1211-AJB, 2013 WL 12171820, at *3 (S.D.Cal. Feb. 20, 2013) (amending the judgment to add aliases defendant had admitted to using in a deposition); *Dubon v. Delmas Meat & Fish*, No. 09-cv-20298-JJO, 2011 WL 1703179, at *2 (S.D.Fla. Apr. 25, 2011) (amending the judgment to add alias where plaintiff argued both names were used interchangeably at trial and where defendants answered the complaint using their alias); *Klein-Becker USE, LLc v. Collagen Corp.*, No. 2:07-cv-873-TS, 2009 WL 3172736, at *1 (D.Utah Oct. 2, 2009) (amending the judgment to add aliases when the named defendants included aliases but the court omitted the aliases from the final judgment, reasoning that "leaving the aliases and akas of Defendant is the type of a clerical mistake or omission Rule 60(a) deals with[]").

At least one court has amended a judgment to include a defendant's alias where the plaintiff submitted evidence that the defendant had used the alias on bank accounts. *Erickson Prods., Inc. v. Kast*, No. 5:13-cv-05472-HRL, 2017 WL 4419245, at *4 (N.D.Cal. Oct. 5, 2017), *aff'd*, 769 F. App'x 482 (9th Cir. 2019) (reasoning that "[t]he alias and businesses are not separate legal

4

entities; they are merely [the defendant] by other names[]"). It appears Plaintiffs request that the court follow the *Erickson* court's approach. Here, Plaintiffs submit "research" purporting to show that Mr. Offiah used aliases in the form of a bankruptcy petition, business records, tax lien records, land records, and publicity for a memoir. In *Erickson*, however, the plaintiff submitted declarations as evidence and only requested the court add the defendant's birth name. Here, Plaintiffs request that the court amend the judgments to include twelve purported aliases. Although the material Plaintiffs submitted does suggest the names have connections with Mr. Offiah's co-debtor, Prince George's County, and the address of the strip club at issue in the case, the exhibits are not in evidentiary form and do not establish that the names are Mr. Offiah's aliases.

As noted at the outset, Plaintiffs have not cited to any rule or governing statute permitting the action sought. They also have not provided sufficient evidence that the names they seek to add to the judgments are indeed Mr. Offiah's aliases. Accordingly, the motion will be denied without prejudice to renewal with proper support. A separate order follows.

                                                                                          /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge